Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN BAZARGANFARD and BARAK GOLAN, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CLUB 360 LLC; ABC FINANCIAL SERVICES, LLC;  JEHANGIR MEHER; and DOES 1-10, <br><br> Defendant(s). | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1.  VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. §1693 ET SEQ. <br> 2.  VIOLATIONS OF CALIFORNIA CIVIL CODE § 1812.80, ET. SEQ <br> 3.  VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, ET. SEQ <br> 4.  VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT, CAL. CIV. C. § 1750, ET. SEQ. <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Edwin Bazarganfard ("Plaintiff Bazarganfard") and Barak Golan ("Plaintiff Golan," and with Plaintiff Bazaraganfard, "Plaintiffs") on behalf of themselves and all others similarly situated, alleges the following against Defendants CLUB 360 LLC, ABC FINANCIAL SERVICES, LLC and JEHANGIR MEHER upon information and belief based upon personal knowledge:

## **INTRODUCTION**

1.     Plaintiffs' Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA"), the California Contracts for Health Studio Services, Cal. Civ. C. § 1812.80 et. seq., the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq., and the Consumer Legal Remedies Act, Cal. Civ. C. § 1750 et. seq.

2.     Plaintiffs, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants in debiting Plaintiff Barak and the putative EFTA Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

3.     Plaintiffs additionally jointly bring an action on behalf of the UCL Class for Defendants' policy of continuing to charge consumers for its gym services even while Defendant CLUB 360 LLC's gyms were closed and those no services were being provided.

4.     Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information

and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq*.

6.     Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

7.     Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Plaintiffs reside within this District and Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8.     Plaintiff Edwin Bazarganfard is a natural person residing in Los Angeles County in the state of California, and is a "consumer" as defined by 15 U.S.C. §1693a(6) and a "person" as defined by Cal. Bus. & Prof. Code § 17201.

9.     Plaintiff Barak Golan is a natural person residing in Los Angeles County in the state of California, and is a "consumer" as defined by 15 U.S.C. §1693a(6) and a "person" as defined by Cal. Bus. & Prof. Code § 17201

10.     At all relevant times herein, Defendant CLUB 360 LLC ("Club 360") was a Delaware Corporation engaged in the business of providing a gym facility in Los Angeles, California.

11.     At all relevant times herein, Defendant ABC FINANCIAL SERVICES, LLC ("ABC") was an Arkansas Corporation engaged in the business of providing automatic fund transfers from credit and debit cards to Club 360 in Los Angeles, California.

12.     At all relevant times herein, Defendant JEHANGIR MEHER ("Meher") was the owner, operator, and manager of Club 360.

13.     Each above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiffs will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

14.     Plaintiffs are informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

15.     Plaintiffs had gym memberships with Club 360 at its facility in Reseda, California.

16.     Plaintiff Barak was charged $39.99 per month on his debit card as a recurring electronic fun transfer by Club 360, which was processed and withdrawn by ABC.

17.     Plaintiff Bazarganfard was charged $49.99 per month on his credit card as a recurring transfer by Club 360, which was processed and withdrawn by ABC.

18.     In March 2020, Club 360 closed its gym location and stopped providing services to either Plaintiff or anyone else.

19.     Despite being closed, Club 360 and ABC continued to debit Plaintiff

Barak and charge Plaintiff Bazarganfard for recurring fees and costs, ranging from $9.99 to $39.99 per month.

20.    Pursuant to Cal. Civ. C. § 1812.85, a consumer is entitled to a pro rata refund when a health studio eliminates or substantially reduces the scope of the facilities or otherwise fails to provide the specific facilities indicated at the time of contracting.

21.    By closing its facilities, Club 360 reduced or eliminated the scope of facilities advertised and offered and accordingly owes Plaintiffs and the UCL Class a pro rata refund for the time period during which its facilities were closed.

22.    Further, by closing its facilities and ceasing to provide the agreed to services, Defendants Club 360 and ABC did not have authorization to deduct sums of money on a regular recurring basis from Plaintiff Barak's banking account.

23.    Defendants Club 360 and ABC continued to deduct this monthly sum from Plaintiff Barak for several months without Plaintiff's authorization.

24.    Plaintiff Barak alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. §§1005.7, 1005.8, and 1005.9.

25.    Plaintiffs both allege that Defendant's conduct is an unfair, deceptive, or fraudulent business practice under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. and a violation of the Consumer Legal Remedies Act, Cal. Civ. C. § 1750 et. seq. and the California Contracts for Health Studio Services, Cal. Civ. C. § 1812.80 et. seq.

26.    The material circumstances surrounding this experience by Plaintiffs were the same, or nearly the same, as the other class members Plaintiffs propose to represent, and Plaintiffs and all putative class members were required to pay, and did pay, money for the services sold by Defendants that were failed to be provided.

## <u>CLASS ACTION ALLEGATIONS</u>

27.     Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of two proposed classes (jointly "The Classes").  The first Class (hereafter "The EFTA Class") defined as follows:

> All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

28.     The second Class (hereafter "the UCL Class") is defined as follows:

> All persons in California who were charged by Defendants following the closure of Club 360's gyms within the four years prior to the filing of this Complaint.

29.     Plaintiff Barak represents, and is a member of The EFTA Class, consisting of all persons within the United States whose bank account was debited on a recurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

30.     Plaintiffs represent and are each a member of The UCL Class, consisting of all persons in California who were charged by Defendants following the closure of Club 360's gyms within the four years prior to the filing of this Complaint.

31.     Defendants, their employees, and agents are excluded from The Classes.  Plaintiffs do not know the number of members in The Classes, but believe the Classes members number in the hundreds, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

32.     The Classes are so numerous that the individual joinder of all of their members is impractical.  While the exact number and identities of The Classes

members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believes and thereon alleges that The Classes includes thousands of members.  Plaintiffs allege that The Classes members may be ascertained by the records maintained by Defendants.

33.    This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Classes are so numerous that joinder of the Classes members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

34.    There are questions of law and fact common to the EFTA Class affecting the parties to be represented.  The questions of law and fact to the EFTA Class predominate over questions which may affect individual EFTA Class members and include, but are not necessarily limited to, the following:

   a.  The members of the EFTA Class had preauthorized electronic fund transfers withdrawn from their accounts by Defendants without their authorization for such recurring electronic payments.

35.    There are questions of law and fact common to the UCL Class affecting the parties to be represented.  The questions of law and fact to the UCL Class predominate over questions which may affect individual UCL Class members and include, but are not necessarily limited to, the following:

   a.  Whether Defendants charged Plaintiffs and the UCL Class for gym services that were not provide due to the closure of Defendant Club 360's gym.

   b.  Whether such practices constitutes an unfair, deceptive, or fraudulent business practice.

36.    As someone whose bank account was debited on a reoccurring basis by Defendants without authorization, Plaintiff Barak is asserting claims that are

typical of The EFTA Class.  As individuals who were charged for gym services while Club 360 was closed and failed to provide such services, Plaintiffs are asserting claims that are typical of The UCL Class.

37.     Plaintiffs will fairly and adequately protect the interests of the members of The Classes. Plaintiffs have retained attorneys experienced in the prosecution of class actions.

38.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable.  Even if every Classes member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

39.     The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Classes members to protect their interests.

40.     Defendants have acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## COUNT I:
## VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT

## INDIVIDUALLY BY PLAINTIFF BARAK AND ON BEHALF OF THE EFTA CLASS

41.  Plaintiff reincorporates by reference all of the preceding paragraphs.

42.  Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

43.  Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

44.  Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

45.  Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

46.  In multiple instances, Defendants have debited Plaintiff Barak and also the putative EFTA Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

**COUNT II:**
**VIOLATION OF THE CALIFORNIA CONTRACTS FOR HEALTH STUDIO SERVICES**
**INDIVDUALLY AND ON BEHALF OF THE UCL CLASS**

47.     Plaintiffs incorporates by reference each allegation set forth above.

48.     Pursuant to Cal. Civ. C. § 1812.85, a consumer is entitled to a pro rata refund when a health studio eliminates or substantially reduces the scope of the facilities or otherwise fails to provide the specific facilities indicated at the time of contracting.

49.     As set forth above, Defendants eliminated or substantially reduced the scope of the facilities at the location which Plaintiffs and the UCL Class contracted, and thus owe a pro rata refund.

50.     Additionally, pursuant to Cal. Civ. C. § 1812.94, any buyer injured by a provision of this title may bring an action for three times actual damages plus attorney's fees and costs.

**COUNT III:**
**VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200**
**INDIVIDUALLY AND ON BEHALF OF UCL CLASSES**

51.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

52.     Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory

definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

53.     California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendant' 'legitimate business interests, other than the conduct described herein.  Plaintiffs reserve the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

54.     In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

55.     Here, Defendants' conduct has caused and continues to cause substantial injury to Plaintiffs and members of the UCL Class.  Plaintiffs and members of the UCL Class have suffered injury in fact due to Defendants' decision to charge them while providing no services.  Thus, Defendants' conduct has caused substantial injury to Plaintiffs and the members of the UCL Class.

56.     Moreover, Defendants' conduct as alleged herein solely benefits Defendants while providing no benefit of any kind to any consumer.  Such deception utilized by Defendants converted large sums of money from Plaintiff and UCL Class members without providing anything in return.  This systematic scheme

is tantamount to theft.  Thus, the injury suffered by Plaintiff and the members of the UCL Class is not outweighed by any countervailing benefits to consumers.

57.    Finally, the injury suffered by Plaintiffs and members of the UCL Class is not an injury that these consumers could reasonably have avoided. Defendants misappropriated funds from Plaintiff and other consumers automatically and without notice.  As such, Defendants took advantage of Defendants' position of perceived power in order to deceive Plaintiffs and the UCL Class members.  Therefore, the injury suffered by Plaintiff and members of the UCL Class is not an injury which these consumers could reasonably have avoided.

58.    Thus, Defendants' conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

<u>**FRAUDULENT**</u>

59.    California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

60.    The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

61.    Here, not only were Plaintiffs and the UCL Class members likely to be deceived, but these consumers were actually deceived by Defendants.  Such deception is evidenced by the fact that Defendants were not permitted to charge fees while failing to provide services and automatically misappropriated significant sums of money from Plaintiffs and UCL Class members, who reasonably relied on Defendants to follow the law.

62.    Plaintiffs' reliance is reasonable due to the unequal bargaining powers

of Defendants and Plaintiffs. For the same reason, it is likely that Defendants' fraudulent business practice would deceive other members of the public.

63.    Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

### **UNLAWFUL**

64.    California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

65.    Defendants' acts, as pled herein, are an "unlawful" business practice or act under Business and Professions Code Section 17200 et seq. for violating EFTA as to the EFTA Class and for violating Cal. Civ. C. § 1812.85 and the CLRA as to the UCL Class.

66.    Defendants' conduct caused and continues to cause economic harm to Plaintiffs and Classes Members.

## **COUNT IV:**
## **VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT,**
## **CAL. CIV. C. § 1750 ET. SEQ.**
## **INDIVIDUALLY AND ON BEHALF OF THE UCL CLASS**

67.    Plaintiffs incorporates by reference each allegation set forth above herein.

68.    Defendants' actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. C. § 1750 et. seq. to the extent that Defendant violates the following provisions of the CLRA:

      a.    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have; *Cal. Civ. C.* § 1770(a)(5);

      b.    Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve; *Cal.*

*Civ. C. § 1770(a)(14) and*

    c.  Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not. *Cal. Civ. C. § 1770(a)(16)*.

69.    Pursuant to Cal. Civ. Code §1782(d), Plaintiffs bring this cause of action for injunctive relief only at this time, but retains the right to amend their complaint without leave of court to include a request for damages thirty (30) days after compliance with Cal. Civ. Code §1782(a).

## **<u>TRIAL BY JURY</u>**

70.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendants, for the following:

    a.  That this action be certified as a class action on behalf of The Classes and Plaintiff Barak be appointed as a representative of the EFTA Class and both Plaintiffs be appointed as the representatives of The UCL Class;

    b.  Statutory damages of $1,000.00, per EFTA Class Member, pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

    c.  Actual damages;

    d.  Restitution of the funds improperly obtained by Defendants;

    e.  Any and all statutory enhanced damages;

    f.  All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

    g.  For equitable and injunctive and pursuant to California Business

and Professions Code § 17203;

h.  For prejudgment interest at the legal rate; and

i.  Any other relief this Honorable Court deems appropriate.

Respectfully submitted this 13th Day of March, 2021.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:    /s/ Todd M. Friedman
       Todd M. Friedman
       Law Offices of Todd M. Friedman
       Attorney for Plaintiffs