UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EDWIN BAZARGANFARD
and BARAK GOLAN, on behalf
of themselves and all others
similarly situated,

    Plaintiffs,

vs.

CLUB 360 LLC *et al*.,
    Defendants.

Case No. 2:21-cv-02272-CBM-(PLAx)

**ORDER RE: DEFENDANTS'
"MOTION FOR
RECONSIDERATION OF THE
COURT'S JULY 31, 2023 ORDER
GRANTING IN PART AND DENYING
IN PART PLAINTIFF GOLAN
BARAK'S MOTION FOR CLASS
CERTIFICATION [DKT 116]"  [120]**

The matter before the Court is Defendants Club 360, LLC (the "Club" or "Club 360"), Valley Gym Corp., North Hollywood Fitness LLC, Van Nuys fitness Center, LLC, Jehangir Meher, and ABC Financial Fitness Solutions, LLC f/k/a ABC Financial Services, LLC's ("ABC's") "Motion for Reconsideration of the Court's July 31, 2023 Order Granting in Part and Denying in Part Plaintiff Golan Barak's Motion for Class Certification [DKT 116]."  (Dkt. No. 120 (the "Motion").)

## I.    BACKGROUND

This is a class action arising from an allegedly unauthorized fee charged to health club members while the health clubs were closed due to state and local

1

health orders regarding the COVID-19 pandemic. Based on prior motion practice and the Court's rulings thereon, the sole remaining claim in this action is Plaintiff Golan's first cause of action under the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 *et seq.*, limited to 1) the $9.99 amount charged during the pandemic closures in March 2020 to June 2020 and August 2020 as to Original Defendants Club 360 LLC, Jehangir Meher, and ABA Financial; and 2) the $9.99 amount charged during the club closures in August 2020 as to Defendants Valley Gym Corp., North Hollywood Fitness LLC, and Van Nuys Fitness Center LLC.

On July 28, 2023, the Court denied Plaintiff Golan's Motion for Class Certification as to any claim for injunctive relief pursuant to Federal Rule of Civil Procedure 23(b)(2), granted the Motion for Class Certification as to Golan's EFTA claim for monetary relief, and certified the following class and subclasses as to the EFTA claim for monetary relief:

(1) "All persons in the United States whose bank accounts were debited on a reoccurring basis by Meher or ABC without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers in March 14, 2020 to September 2020 for fees at any of the USA Fitness gyms" (hereinafter, "the "EFTA Class");

(2) "All persons in the United States whose bank accounts were debited on a reoccurring basis by Club 360, Meher, or ABC without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers in March 14, 2020 to September 2020 for fees at Club 360's gyms" (hereinafter, the "EFTA Club360 Subclass"); and

(3) "All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers after June 15, 2020 to September 2020 for fees at any of the USA Fitness gyms" (hereinafter, the "EFTA USA Fitness Subclass").

(Dkt. No. 116 (the "Class Certification Order").)

## II. STATEMENT OF THE LAW

Defendants seek reconsideration of the Class Certification Order pursuant to

2

Local Rule 7-18, which provides:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.

## III.   DISCUSSION

### A.   Timeliness

Plaintiff argues Defendants' instant Motion must be denied as untimely.

Local Rule 7-18 provides:  "Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application."  Here, the Class Certification Order was entered on July 28, 2023.  (Dkt. No. 116.)  Defendants filed the instant Motion on August 14, 2023—i.e., 17 days after the Class Certification Order was entered. (Dkt. No. 120.)

Defendants argue the instant Motion was timely because the Court stayed the entire case on August 7, 2023, before the due date for Defendants' motion for reconsideration, and even if the stay of proceedings did not extend the motion for reconsideration deadline, good cause exists for filing the instant Motion later based on the ambiguity regarding the deadline in light of the Court's stay of this action because of defense counsel's father's death and defense counsel's own illness "between June – July 2023, which was the cause of Defendants' Motion for Reconsideration not being completed and filed by August 11, 2023, as originally intended."

On August 7, 2023, the Court approved the parties' stipulation to stay the action, and ordered "[a]ll proceedings before this Court in this action are stayed

3

until September 8, 2023," and "[i]f mediation concludes with no resolution of this action, the parties shall address pre-trial and trial dates in the status report [due no later than September 8, 2023]." (Dkt. No. 119.)  Neither the parties' proposed order re: the stipulation to stay proceedings nor the Court's order thereon referenced the filing date for Defendants' Motion for Reconsideration of the Class Certification Order.  However, the parties' stipulation to stay stated "the parties desire to stay this action to afford them an opportunity to resolve this lawsuit before any further hearing," "Defendants seek to preserve their rights to appeal the Court's ruling on class certification pursuant to Federal Rule of Civil Procedure 23(f) and Nutraceutical Corp. v. Lambert, ⸺ U.S. ⸺, 139 S. Ct. 710, 203 L.Ed.2d 43 (2019) and therefore intend to file a Motion for Reconsideration ("Motion") within 14 days of the Order;" and "the parties agree that Plaintiff would not need to file an opposition to the Motion and that the hearing on Defendants' Motion would be set for a date after the stay of the action," "[a]ll proceedings before this Court in this action be stayed pending completion of mediation." (Dkt. No. 118.)  Therefore, the parties' stipulation to stay approved by the Court stated Defendants intended to file their Motion for Reconsideration within 14 days of the Class Certification Order notwithstanding a stay of proceedings, but Defendants did not file the instant Motion until 17 days after the Class Certification Order was entered.  Moreover, Defendants fail to demonstrate how defense counsel's personal matters in June-July 2023 precluded Defendants from timely filing the Motion For Reconsideration by August 14, 2023 of the Class Certification Order entered on July 28, 2023.  Therefore, no good cause is shown for Defendants' failure to file the instant Motion within 14 days after entry of the Class Certification as required under Local Rule 7-18.

Notwithstanding the untimeliness of the Motion, the Court also denies the Motion for Reconsideration based on the merits for the reasons discussed below.

4

## B.  Failure to Consider Material Facts

Defendants seek reconsideration of the Class Certification Order on the grounds the Order "makes several findings that are inconsistent with the evidence in the record relevant to Plaintiff's Electronic Funds Transfer Act ("EFTA") claim," and the Court's failure to consider Defendant Meher's declaration filed in support of Defendants' opposition to the motion for class certification led to "an erroneous ruling that commonality, typicality, and predominance are present." Defendants argue the Class Certification Order "fails to reference let alone consider the evidence set forth in the Meher Declaration, filed concurrently with the Opposition," which Defendants contend presented "substantial evidence that Defendants "(1) reduced the regular monthly membership dues during pandemic-era closures; (2) charged $9.99 as reduced membership dues, not as a new fee, according to attached payment histories; (3) refunded $9.99 charges to all that requested, (4) cancelled memberships for all that requested, and (5) received messages from some approving subsequent $9.99 'freeze fee' charges." Defendants argue Plaintiffs did not present any evidence refuting the above, and therefore the Court erred based on its "manifest failure to consider the competent, undisputed evidence in the Meher Declaration."

Defendants cited to no evidence in their opposition to the Motion for Class Certification, and therefore the Court was not required to scour the record looking for evidence in support of Defendants' arguments. *See Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746406, at *6 (C.D. Cal. Mar. 6, 2015) (citing *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *Equal Emp. Opportunity Comm'n v. Telecare Mental Health Servs. of Washington, Inc.*, 2023 WL 5348880, at *4 (W.D. Wash. Aug. 21, 2023) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).  Moreover, the Court is not required to reference all evidence submitted by the parties in an order ruling on a motion.

5

*See, e.g.*, *Tuttelman v. City of San Jose*, 2005 WL 8163029, at *2 (N.D. Cal. Dec. 13, 2005). Despite Defendants' failure to cite to evidence in their opposition to the Motion for Class Certification, the Court nevertheless considered Defendant Meher's declaration filed in support of Defendant's opposition to the motion for class certification (but not cited by Defendants) in ruling on the motion for class certification. Meher's declaration, however, did not defeat class certification. Defendants now argue Meher's declaration and other evidence submitted in opposition to the motion demonstrated the $9.99 freeze fee was a reduced membership due, rather than a new, unauthorized fee. While Defendants argued in opposition to the Motion for Class Certification and submitted some evidence that the $9.99 charges at issue were reduced regular monthly membership dues authorized under the membership agreements rather than new fee, Defendants refunded the $9.99 to customers who requested a refund, cancelled memberships for those who requested their membership to be cancelled, and received approval from some customers for the $9.99 charges, Defendants' arguments related to whether Plaintiff and class members could prevail on their EFTA claim rather than the requirements for class certification. However, at the class certification stage, "the district court is required to examine the merits of the underlying claim . . . , only inasmuch as it must determine whether common questions exist; not to determine whether class members could actually prevail on the merits of their claims." *Ellis*, 657 F.3d at 983 n.8. In contrast, Plaintiff Golan demonstrated a common question of whether the form membership agreements entered by class members preauthorized Defendants to electronically transfer funds from their debit cards or bank accounts for the $9.99 freeze fees charged during the pandemic closures is capable of classwide resolution because the "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Olean Wholesale Grocery Coop., Inc.*, 31 F.4th at

663 (quoting *Dukes*, 564 U.S. at 350); *see also O'Donovan v. CashCall, Inc.*, 278 F.R.D. 479, 490 (N.D. Cal. 2011).

Defendants also contend the Court committed manifest error because there is no support for the finding in the Class Certification Order that Defendants have "no evidence" the $9.99 charges were for reduced membership dues authorized under the agreement (citing Order at 14:5-8), because Plaintiff never moved for summary judgment and therefore this was an improper finding unsupported by the evidence.  Defendants also argue the Court cannot make this finding because Defendants have a Seventh Amendment right to a jury trial.  In their opposition to the Motion for Class Certification, Defendants argued Plaintiff Golan is an inadequate class representative and cannot represent the interests of members of Club 360 who "visit and rely on Club 360 daily, weekly, monthly, or even just once a year" because those members "necessarily benefited from reduced monthly dues, which allowed Club 360 to continue operating and to reopen quickly under the circumstances," whereas Plaintiff purportedly testified during his deposition that he had not visited Club 360 since October 2019 when he tore his MCL and never visited Club 360 when it reopened after the pandemic closures.  In addressing whether Plaintiff Golan is an adequate class representative, the Court noted it had "previously held there is no evidence that the $9.99 fees charged during the pandemic closures were reduced monthly membership fees authorized to be electronically transferred from Plaintiff Golan's bank account or debit card under the membership agreement (*see* Dkt. No. 101), and Defendants ***cite to*** no evidence demonstrating the fees at issue were reduced monthly membership fees in connection with the instant Motion."  (Class Certification Order at 14:5-10.) Contrary to Defendants' contention, the Court did not make a finding Defendants have "no evidence" that the $9.99 fees were for reduced membership dues authorized under the agreement, but rather simply noted Defendants had not

submitted evidence at the summary judgment stage demonstrating the $9.99 fees were reduced monthly membership fees and Defendants did not cite to any evidence in their opposition to the Motion for Class Certification supporting this contention.  The Court noted the common question is whether the form membership agreements entered by class members (including Plaintiff Golan) preauthorized Defendants to electronically transfer funds from their debit cards or bank accounts for the $9.99 fees charged during the pandemic closures (Class Certification Order at 8)—it did not make a finding that the $9.99 fees charged were authorized under the membership agreements as reduced membership fees. Moreover, Meher's declaration that the fees charged were reduced membership fees authorized under the form membership agreements (which Plaintiff Golan and class members entered into) does not render Plaintiff Golan an inadequate class representative.

Defendants also argue the Court erred because the Class Certification Order "neglected" Meher's declaration and other evidence that Defendants refunded the $9.99 "reduced membership dues" to members.  Defendants argue the burden to produce "countervailing evidence" to Defendants' evidence of members receiving refunds "resides with the Plaintiff," but Plaintiff failed to submit evidence "to challenge the refund procedures set forth by Defendant Gyms nor shown [sic] instances where this procedure failed."  However, Defendants apply an incorrect standard regarding Plaintiff's burden at class certification.  "If the plaintiff demonstrates that class issues exist, the ***defendant*** must invoke individualized issues and provide sufficient evidence that the individualized issues bar recovery on at least some claims, thus raising the spectre of class-member-by-class-member adjudication of the issue."  *Van*, 61 F.4th at 1067 (emphasis added) (citation omitted).  In the Class Certification Order, the Court noted "Plaintiff submits deposition testimony from Defendant Meher who testified that Defendants' clubs

were closed during the pandemic from March 2020 to June 2020 and July 2020 to September 2020 (Meher Depo. 57:2-58:2, 75:20-77:8)," evidence that "Defendants used form membership agreements containing the purported EFTA authorization which has not changed since 2014 (*see id*. at 41:12-42:15, 43:25-44:7, 50:1-23, 52:6-19), and evidence that Defendants charged Plaintiff Golan and all club members who did not cancel their membership during the pandemic closures a $9.99 fee (*id*. at 77:22-78:18, 102:25- 103:18, 55:25-56:5, 115:17-24, 118:-119:7; Wheeler Decl. Ex. C.)."  (Class Certification Order at 19-20.)  The Court further noted:  "[A] plaintiff need not rebut every individualized issue that could possibly be raised. To demand such proof would be akin to demanding proof 'that plaintiffs would win at trial.'  *Van*, 61 F.4th at 1066. 'Instead, a plaintiff must merely demonstrate by a preponderance of the evidence that a common question of law or fact exists—an issue that is capable of class-wide resolution.' *Id.* at 1066-67."  (Class Certification Order at 18.)  Therefore, based on Plaintiff's evidence, the Court found "Plaintiff Golan demonstrates common class issues exist regarding whether the form membership agreements authorized Defendants to electronically transfer the $9.99 freeze fees from class members' accounts during the pandemic closures for purposes of Plaintiff Golan's claim for monetary relief under the EFTA."  (Class Certification Order at 20.)  Accordingly, Plaintiff met his evidentiary burden at class certification.  *See Van*, 61 F.4th at 1066-67.[1]

---

[1] Defendants argue for the first time in their Reply that the Court failed to consider evidence that the gyms opened on July 23, 2020 and subsequently reopened in August 2020, and argue this "undisputed evidence" demonstrates members had access to gym facilities no later than July 23, 2020 and "[i]t follows that no charge after July 23rd, even if for $9.99, could have been a 'freeze fee.'"  (Reply at 6-7.)  The Court does not consider arguments raised for the first time in a reply.  *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").  Even if the Court considered this new argument raised in Defendants' Reply, whether the $9.99 amount charged is a "freeze fee" or not is irrelevant to the common question of whether Defendants had written preauthorization to charge the $9.99.

Furthermore, while Defendants cited to no evidence in their opposition in support of their contention "it is undisputed that some members communicated with the Defendant Gyms regarding the reduced monthly charges and received additional details regarding the reduced monthly charges, refunds, and/or provided authorization for the $9.99 monthly charges," the Court considered Defendant Meher's declaration attached to the opposition, wherein Meher declared: "For members that contacted the Club regarding membership dues as instructed in the notices and asked to not pay, the Club refunded and/or did not charge dues. The Club processed cancellations for those members who exercised the option to cancel as set forth in the Agreement." (Meher Decl. ¶ 11.) Meher, however, did not identify any specific members who were refunded or cancelled their membership nor identify how many members were actually refunded or cancelled their membership. As noted in the Court's Class Certification Order, Plaintiff submitted evidence "Defendants charged Plaintiff Golan and all club members who did not cancel their membership during the pandemic closures a $9.99 fee." In addressing Defendants' argument that individualized issues predominate because some class members received refunds, the Class Certification Order noted "the Ninth Circuit has held 'the temporary loss of use of one's money constitutes an injury' for purposes of Article III standing, and found such injury does not create individualized issues that predominate over class issues. *See Van*, 61 F.4th at 1064 (citation omitted) (noting temporary loss of money constitutes an injury and holding 'the presence of class members who suffered only a fraction of a cent of harm does not create an individualized issue that could predominate over class issues')." (Class Certification Order at 22 n.17.) Furthermore, whether some class members may have subsequently received a refund at most relates to damages, and as noted in the Class Certification Order, the Ninth Circuit has held that "[i]ndividual differences in calculating the amount of damages will not defeat

class certification where common issues otherwise predominate." *Castillo v. Bank of Am., NA*, 980 F.3d 723, 730 (9th Cir. 2020). (*See* Class Certification Order at 21.) Moreover, the Class Certification Order stated "whether class members were refunded or can receive a refund in the future is irrelevant to the issue of whether Defendants obtained class members' preauthorization to electronically transfer the $9.99 fees from their accounts during the pandemic closures as required under the EFTA. Furthermore, the Ninth Circuit has rejected similar arguments that a refund program defeats superiority. *See Van*, 61 F.4th at 1062 n.4 ('Because a voluntary refund program, such as that undertaken by LuLaRoe, is not a method for 'adjudicating' the controversy between LuLaRoe and its customers, it is irrelevant to the superiority analysis under Rule 23(b)(3).').)" (Class Certification Order at 25.) Since Plaintiff demonstrated common issues predominate, any evidence regarding refunds to class members after they were already charged the $9.99 fees does not change the Court's ruling granting class certification.

Defendants also argue the Court failed to consider evidence that Defendants "received messages from some approving subsequent $9.99 'freeze fee' charges." However, the Court expressly noted in its Class Certification Order that "[t]o the extent Defendants contend class members who agreed to be charged the $9.99 preauthorized Defendants to deduct the fees from their accounts during the pandemic closures, Defendants incorrectly equate commonality with whether Plaintiff Golan and class members can prevail on the merits of the EFTA claim. In examining the commonality requirement for class certification, 'the district court is required to examine the merits of the underlying claim . . . , only inasmuch as it must determine whether common questions exist; not to determine whether class members could actually prevail on the merits of their claims.' *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011)." (Class Certification Order at 7-8.) Thus, evidence regarding Defendants receiving messages from

11

some class members approving the $9.99 charges later on was not relevant to the class certification inquiry.

Defendants also contend the Court failed to consider evidence that Defendants "cancelled memberships for all that requested." While Defendants cited to no evidence in their papers in support of their argument that individualized issues predominated because Defendants processed cancellations for those members who requested it, the Court nevertheless reviewed the evidence submitted by Defendants in ruling on the motion for class certification. While Defendant Meher's declared that the Club processed cancellations for those members who exercised the option to cancel as set forth in the Agreement (Meher Decl. ¶ 11), Meher did not identify any specific members who cancelled their membership nor identify how many members were actually refunded or cancelled their membership. Although the Court did not specifically refer to this portion of Meher's declaration in the Class Certification Order, the Court did consider it in ruling on the motion for class certification and noted, "here there is evidence of a common membership agreement and uniform practice of charging all members _**who did not cancel their membership**_ the $9.99 fee during the pandemic closures." (Class Certification Order at 20 n.13 (emphasis added).) Therefore, evidence that Defendants cancelled memberships when requested does not change the Court's ruling granting class certification.

Accordingly, Defendants fail to demonstrate a "manifest showing of a failure to consider material facts presented to the Court" as required for reconsideration of the Court's Class Certification Order under Local Rule 7-18.

**C.    New Evidence**

Defendants also attach a new declaration from Defendant Meher in support of the instant Motion for Reconsideration, wherein Meher declares:

> (1)    "Defendant Gyms' business records show that, between April and October 2020, Defendant Gyms refunded over 2,900

12

customers a total of over $122,000, which included refunds of the $9.99 charges for reduced membership freeze fees. Although Defendant Gyms are unable to run a cumulative report that tabulates only those refunds that were provided for reduced membership 'freeze fees' of $9.99, based on Mr. Meher's personal knowledge of the refund activity across Defendant Gyms during this period, a substantial portion of the refunds were for reduced membership "freeze fees" and there were substantially more refunds between April and October than any other period of Defendant Gyms' operation." (Dkt. 120-1, Meher Decl. ¶ 3); and

(2)    "Defendant Gyms' business records include correspondence from customers that authorized the $9.99 reduced membership 'freeze fees.'"  (*Id*. ¶ 4.)

Meher's new declaration also attaches two new exhibits regarding a "report run for all Defendant Gyms reflecting all refunds issued to members between April – October 2020" and "multiple correspondence from members specifically authorizing the $9.99 charges."  (Meher Decl., Exs. A & B.)

Defendants fail to show Meher's new declaration and the exhibits attached thereto could not have been known to Defendants prior to the Court's ruling on the Motion for Certification, or that such evidence was newly discovered after the Class Certification Order was entered.  *See* L.R. 7-18; *Parrott v. Porter*, 2016 WL 10957852, at *2 (C.D. Cal. Dec. 15, 2016).[2]  Therefore, reconsideration of the Class Certification Order is not warranted based on the new Meher declaration and exhibits attached thereto.

### IV.    CONCLUSION

Accordingly, the Court **DENIES** Defendants' Motion for Reconsideration.

**IT IS SO ORDERED.**

DATED:  May 23, 2024.

Honorable Consuelo B. Marshall
UNITED STATES DISTRICT JUDGE

---

[2] *See also Deanda v. Sav. Inv., Inc.*, 2006 WL 8443521, at *2 (S.D. Cal. Jan. 24, 2006); *Wordtech Sys., Inc. v. Integrated Network Sols., Inc.*, 2010 WL 2569057, at *1 (E.D. Cal. June 22, 2010).