# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN BAZARGANFARD and BARAK GOLAN, on behalf of themselves and all others similarity situated, | Case No.:  2:21-cv-2272-CBM-BFM |
| Plaintiffs, | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| v. | |
| CLUB 360 *et al.*, | |
| Defendants. | |

On July 28, 2023, the Court granted Plaintiff's motion for class certification as to his Electronic Funds Transfer Act ("EFTA") claim.  (Dkt. No. 116.)  On May 20, 2025, the Court granted Plaintiff's motion for summary judgment on Plaintiff's EFTA claim on the issue of liability and awarded $47,672.28 in actual damages.  (Dkt. No. 170.)  In light of the Court's prior orders, the remaining issue for trial by the Court in this action was statutory damages, if any, to be awarded for Defendants' violation of EFTA pursuant to 15 U.S.C. § 1693m.  Following a two-day bench trial, the Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52:

## I.    FINDINGS OF FACT

Considering the evidence presented and weighing credibility, the Court

1

finds as follows:

1. Defendants withdrew $9.99 without authorization from class members' bank accounts 4,772 times in violation of the EFTA, for a total of $47,672.28.

2. Defendant ABC Fitness Solutions, LLC's (f/k/a ABC Financial Services, LLC) (hereinafter, "ABC's") net worth is in excess of $50,000,000. (Tr. Ex. 1.)

3. Defendant Jehangir Meher is the sole owner of Defendants Club 360 LLC, Valley Gym Corp., North Hollywood Fitness LLC, and Van Nuys Fitness Center, LLC (collectively, "Gym Defendants"). Meher and the Gym Defendants' combined net worth is $18,440,000. (Tr. Ex. 1.)

4. There are over 5,000 class members.

5. Defendants' violation of the EFTA was not a technical violation or a mistake in fact.

6. Gym Defendants and Defendant ABC entered into a billing continuation agreement to bill gym members during the pandemic closures. While Defendant Meher, the Gym Defendants' Operations Manager Melissa Hidalgo, and the Gym Defendants' Director of Marketing and Social Media Lissette Vargas, and Defendant ABC's Senior Vice-President, Support Jill Dozier testified at trial that they believed charging members the $9.99 amount during the pandemic closures was authorized under the membership agreement and in compliance with the law including the EFTA, ignorance of the law is no excuse. Although Dozier testified at trial that ABC required the Gym Defendants to obtain a legal opinion confirming that billing gym members during the pandemic closures complied with applicable laws and Defendant Meher testified he consulted with outside counsel Douglas Workman who provided a letter writing "we have not found any applicable legal authority prohibiting you from utilizing this arrangement" to charge members the $9.99 amount during the pandemic

2

closures (Meher Decl. ¶ 26, Ex. 3 at 2), Workman's letter states "[t]his letter is not a legal opinion and this firm is not guarantying or warranting any outcome" (*id.*, Ex. 3 at 3).  Furthermore, Workman's letter is not demonstrative of Defendants' lack of intent to withdraw the $9.99 amount from class members accounts without class members' preauthorization.

7.    Defendants made a decision to charge class members the $9.99 amount during the pandemic closures and electronically withdrew the $9.99 amount from class members' accounts during the pandemic closures.  Therefore, Defendants' withdrawal of $9.99 from class members' bank accounts without preauthorization in violation of the EFTA was intentional.

8.    Evidence that Defendants subsequently refunded some gym members the $9.99 charged is not relevant to whether Defendants intentionally withdrew the $9.99 amount from class members' bank accounts without preauthorization during the pandemic closures in violation of the EFTA.

## II.    CONCLUSIONS OF LAW

1.    15 U.S.C. § 1693m provides "any person who fails to comply with any provision of this subchapter with respect to any consumer . . . is liable to such consumer in an amount equal to the sum of . . . in the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same person shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the defendant."

2.    "In determining the amount of liability" for statutory damages, 15 U.S.C. § 1693m of the EFTA provides "the court shall consider, among other relevant factors . . . in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance, the nature of such noncompliance, the resources of the defendant, the number of persons adversely affected, and the

extent to which the noncompliance was intentional."

3.    The EFTA "was established to protect consumers from errant and unauthorized monetary transfers." *Guarnieri v. Be Money Inc.*, 2022 WL 11381916, at *8 (C.D. Cal. Oct. 18, 2022).  Ignorance of the law is no excuse.  *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 581 (2010) ("We have long recognized the common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally") (internal quotation omitted); *see also Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 779 (9th Cir. 1982) ("Reliance on advice of counsel or a mistake about the law is insufficient by itself to raise the bona fide error defense.").

4.    Considering the frequency and persistence of Defendants' noncompliance with the EFTA, the nature of the noncompliance, the resources of Defendants, the number of persons adversely affected, and the extent to which Defendants' noncompliance was intentional, the Court concludes Defendants are liable for statutory damages in this action, and awards statutory damages to Plaintiff in the amount of $500,000 against Defendant ABC Financial and $184,400 against Defendant Meher and the Gym Defendants, for a total of $684,400 in statutory damages.

*    *    *

Any finding of fact which constitutes a conclusion of law is hereby deemed as a conclusion of law.  Any conclusion of law which constitutes a finding of fact is hereby deemed a finding of fact.

### III.    CONCLUSION

For the foregoing reasons, judgment shall be entered in favor of Plaintiff and against Defendants.

**IT IS SO ORDERED.**

DATED:  January 26, 2026.



CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE